FILED

JUN 2 6 2015

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                      Criminal Action No. 1:15CR28-01

ROBERT PANNELL,

           Defendant.

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

    This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Robert Pannell, in person and by counsel, Katy Cimino, appeared before me on June 25, 2015. The Government appeared by Assistant United States Attorney Shawn A. Morgan. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment.

    The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

    The Court inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

    The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government

responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Deandre Jones, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count One of the Indictment and the elements the Government would have to prove, charging him with aiding and abetting in the straw

purchase of a firearm, in violation of Title 18, United States Code, Sections 922(a)(6), 9249a)(2) and 2. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him; understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was imprisonment for a term of not more than ten (10) years, a fine of not more than $250,000.00, and that fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that if the District Judge imposed an actual sentence that was the same as or equivalent of an advisory guideline sentence that started with a base offense level of fourteen (14) or lower, he was waiving his right to appeal his conviction and sentence and how the sentence was arrived at to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was

reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. From the foregoing, the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any

recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence within the statutory maximum than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court heard the testimony of ATF Agent Kenneth Grace. Agent Grace testified that a fellow ATF agent received a telephone call from a business person at Cashland Pawn, located in

Clarksburg, West Virginia. This individual informed the agent that he suspected Defendant was involved in a straw-purchase scheme. The agent who received the telephone call from Cashland Pawn and Agent Grace went to the business, where they were shown a form and surveillance video. The video showed, on August 14, 2014, a car, driven by Defendant and in which Deandre Jones ("Jones"), the co-defendant, was a passenger, enter the Cashland Pawn parking lot. Jones entered the store and viewed hand guns. Jones talked to someone on his cellular telephone. He counted his money. Without purchasing a gun, Jones return to the vehicle driven by the Defendant. The two drove away and then Defendant returned to Cashland Pawn a few minutes later. Jones was not in the vehicle. Defendant, who was using his cellular device to text another person, viewed the guns that Jones had earlier viewed. Defendant told the operator at Cashland Pawn that he wanted to purchase a firearm. Defendant did not want to touch the gun; he wanted only to buy it. Defendant continued to use his cellular phone to text. Defendant completed the required form for the gun purchase. On that form, Defendant wrote that he was the actual buyer of the firearm; however, he was not. On August 18, 2014, Agent Grace initiated a controlled purchase of a firearm. Defendant was contacted by an employee at Cashland Pawn and told he could pick up the firearm he purchased. Defendant returned to Cashland Pawn to collect the gun. When Defendant had possession of the firearm, he was stopped by Agent Grace. Defendant stated he was willing to be interviewed by Agent Grace. Defendant's cellular telephone and the gun were seized[1]. After Defendant left Cashland Pawn, other ATF agents and members of the Harrison County Drug Task Force instituted mobile surveillance of him. Defendant stopped at a residence, and later, outside that residence, Agent Grace and other agents encountered Jones and asked if they could speak with him. Jones

---

[1] Agent Grace subsequently applied for a search warrant for Defendant's cellular telephone. The search warrant was issued.

acquiesced. He denied any knowledge of or involvement in a straw purchase. Then, he admitted that he was involved with Defendant and the firearm purchased by Defendant was for him. Jones gave Defendant the money to purchase the firearm. Jones informed the agents that he had agreed to pay Defendant $200.00 when the firearm was delivered to him. Jones provided his cellular telephone number to the agents. Based on the search warrant which had been obtained for Defendant's cellular telephone, the agents identified text communication between Defendant and Jones. One text exchange occurred during a time Defendant would have been in Cashland Pawn. It read, "Which shelf?" The response was, "Look for car (the make of the firearm) . . . ." Defendant texted, "I found it." A subsequent text exchange showed Defendant confirmed the make of the firearm he was to purchase for Jones.

Thereupon, Defendant, Robert Pannell, in the presence of his counsel, Katy Cimino, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count One of the Indictment.

Defendant stated he heard, understood, and did not disagree with Agent Grace's testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count One of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by Agent Grace's testimony

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the

maximum statutory penalty to which he would be exposed for Count One; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by Agent Grace's testimony which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 26th day of June, 2015.

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE